# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ERIC D. STRUNK COLEMAN,           Case No. 1:08-cv-88
      Plaintiff                   Spiegel, J.; Hogan, M.J.

vs

WESTERN HILLS COUNTRY CLUB,    **REPORT AND RECOMMENDATION**
      Defendant

Plaintiff Eric D. Strunk Coleman brings this action pursuant to Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, alleging discrimination in employment against the

Western Hills Country Club in Cincinnati, Ohio. This matter is before the Court on defendant's

motion to dismiss (Doc. 5), plaintiff's memorandum in opposition (Doc. 6), and defendant's

reply memorandum. (Doc. 7). For the reasons that follow, defendant's motion to dismiss should

be granted.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon

which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal for failure to state a

claim for relief, the complaint must contain a "short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the plaintiff need not plead

specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Erickson v. Pardus,* 127 S.Ct. 2197 (2007) (citations omitted).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept

as true all factual allegations in the complaint and must draw inferences in a light most

favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). *See also Bell Atlantic*

*Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). In *Twombly*, the Supreme Court explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly,* 127 S.Ct. at 1969.[1] The plaintiff's ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. *See Papasan v. Allain,* 478 U.S. 265, 286 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405-06 (6th Cir. 1998) ("court need not accept as true legal conclusions or unwarranted factual inferences"). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."*Weiner v. Klais and Co., Inc.,* 108 F.3d 86, 88 (6th Cir. 1997) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly,* 127 S.Ct. at 1965 (citations omitted). While the complaint need not contain "heightened fact pleading of specifics," it must provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Twombly,* 127 S.Ct. at 1974.

Plaintiff's complaint alleges the following facts. Plaintiff was hired as a busser for defendant Western Hills Country Club in October 2000. Thereafter, he worked as a busser, food runner, housekeeper, bartender, bar back, and server. He repeatedly requested a position as a server to obtain an increase in pay. He was allegedly told by the General Manager that he would

---

[1]The *Twombly* Court made it plain that courts should no longer use the language of *Conley v. Gibson,* 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that which would entitle him to relief," when evaluating whether a complaint can withstand a dismissal motion. *Twombly,* 127 S.Ct. at 1968 (quoting *Conley,* 355 U.S. at 45-46).

2

not be made a server. Another manager gave plaintiff a position as a server for banquets. However, the General Manager repeatedly expressed his displeasure with plaintiff's position as a server. Plaintiff was the only African-American male server. The General Manager demoted plaintiff to a busser and food runner "because he claimed members of the club, and board members didn't like [plaintiff] being a server." (Doc. 1 at 3). Plaintiff attempted to complain to a board member about his treatment, but was advised to notify a manager. Plaintiff alleges the General Manager refused to take his calls. Plaintiff states that in August 2006, he was placed on suspension by a supervisor who claimed plaintiff failed to show up on time for work. Once suspended, plaintiff was advised not to show up on company property. Plaintiff states he requested a meeting with the General Manager to discuss the suspension, but his calls were never returned and his suspension "became a wrongful termination" in his view.

Plaintiff filed a charge of discrimination with the Ohio Civil Rights Commission on August 3, 2007. (Doc. 1, attachment). The charge states, "On August 16, 2006 I was placed on suspension indefinitely." Plaintiff alleges discrimination on the basis of his race, Black. *Id.* On November 8, 2007, the Equal Employment Opportunity Commission dismissed plaintiff's charge of discrimination as untimely. *Id.* Plaintiff filed the instant lawsuit on February 6, 2008.

Defendant seeks dismissal of the complaint on the basis that it fails to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, defendant asserts that plaintiff's failure to file a timely charge of discrimination with the EEOC requires dismissal of his complaint.

In a Title VII action, a plaintiff must file a timely charge of discrimination with the EEOC before filing a federal lawsuit. *Alexander v. Local 496, Laborers' International Union of North America,* 177 F.3d 394, 407 (6th Cir. 1999), *cert. denied,* 528 U.S. 1154 (2000). "[T]he

3

Title VII administrative charge period is functionally equivalent to a statute of limitations." *Sharpe v. Cureton*, 319 F.3d 259, 268 (6th Cir. 2003) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-95 (1982)).  The statute of limitations begins to run from the date of "the alleged unlawful employment practice. . . ." 42 U.S.C. § 2000e-5(e)(1).  Title VII has a dual statute of limitations:

> Usually, if the alleged discrimination occurred more than 180 days prior to the plaintiff's filing of an EEOC charge, claims implicating these actions are barred. However, if the alleged unlawful practice occurs in a "deferral state," in this case Ohio, which has enacted its own laws prohibiting discrimination in employment, the plaintiff must file suit within 300 days of the alleged discriminatory act.

*Alexander,* 177 F.3d at 407 (citation omitted).  "[T]he starting date for the 300-day limitations period is when the plaintiff learns of the employment decision itself, not when the plaintiff learns that the employment decision may have been discriminatorily motivated." *Amini v. Oberlin College*, 259 F.3d 493, 499 (6th Cir. 2001).  Since Ohio is a deferral state, plaintiff was required to file his EEOC charge within 300 days of the date his employment was terminated in violation of Title VII.  *See id.*

Accepting plaintiff's factual allegations as true and liberally construing them in his favor, plaintiff's employment was terminated on or around August 16, 2006, the date he was placed on an indefinite suspension. The statute of limitations period began running on this date and expired 300 days later on June 12, 2007.  Plaintiff was therefore required to file his EEOC charge on or before June 12, 2007.  His EEOC charge was filed on August 3, 2007. (Doc. 1, attachment).  Because plaintiff's EEOC charge was untimely, his present Title VII claim is time-

Case: 1:08-cv-00088-SAS-TSH Doc #: 8 Filed: 04/03/08 Page: 5 of 8  PAGEID #: 50


barred.[2]

Rather than a jurisdictional requirement, the timely filing of a charge of discrimination with the EEOC is a condition precedent to filing a Title VII complaint in federal court. *Zipes,* 455 U.S. at 393. As such, the limitations period is subject to equitable tolling. *Id. See also National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Equitable tolling is a doctrine to be applied sparingly by the Court. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984) (per curium); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000). The Court examines five factors in determining the appropriateness of equitable tolling: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Graham-Humphreys,* 209 F.3d at 561. Plaintiff has not asserted that equitable tolling should be applied in his case. Nor can the Court discern from plaintiff's complaint any compelling reasons to extend the benefit of equitable tolling to plaintiff in this matter.

For these reasons, the Court determines that plaintiff's Title VII claims are time-barred and should be dismissed.

---

[2]Plaintiff alleges the EEOC based their finding of untimeliness on a document from defendant indicating plaintiff "mutually terminated the employment as of July 29, 2006." (Doc. 6 at 2). Under either date, that of July 29, 2006 as alleged by plaintiff or August 16, 2006 as alleged in the EEOC charge, the filing of the charge of discrimination would still be untimely.

**IT IS THEREFORE RECOMMENDED THAT** defendant's motion to dismiss

(Doc. 5) be **GRANTED**.

Date ___4/3/08___

Timothy S. Hogan
United States Magistrate Judge

6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ERIC D. STRUNK COLEMAN,                    Case No. 1:08-cv-88
    Plaintiff                              Spiegel, J.; Hogan, M.J.

    vs

WESTERN HILLS COUNTRY CLUB,
    Defendant

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X        ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Eric D Strunk Coleman<br>4815 Glenway Ave<br>2nd Floor<br>Cinti, OH 45238 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br><br>3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*    ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7007 1490 0001 0562 6745 |

PS Form 3811, August 2001     Domestic Return Receipt     102595-01-M-2509

1: 08 cv 88 Doc. 8